FILED

2016 Oct-19  PM 01:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# A

ELECTRONICALLY FILED
10/3/2016 11:54 AM
01-CV-2016-903650.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 01 |
|---|---|---|

Date of Filing: 10/03/2016   Judge Code:

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### EDWIN WILLIAMS v. WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☐ MONETARY AWARD REQUESTED  ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| ROB063 | 10/3/2016 11:54:12 AM<br>Date | /s/ JAMES S ROBERTS JR.<br>Signature of Attorney/Party filing this form |
|---|---|---|

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

DOCUMENT 2

ELECTRONICALLY FILED
10/3/2016 11:54 AM
01-CV-2016-903650.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| EDWIN WILLIAMS, an individual,            ) | |
|                                  ) | |
|        PLAINTIFF,           ) | |

EDWIN WILLIAMS, an individual,       )

          PLAINTIFF,        )

                              )    CV_____

v.                            )

WALGREEN CO., a business entity doing )
business in Jefferson County, Alabama; )
Fictitious Parties A, B and C (i.e. the real true )
and/or correct name of the Defendant described )
herein as Walgreen Co.); Fictitious Parties D, E, )
and F (i.e. the real true and/or correct name of )
any purchasers, assignees or successors of )    **JURY DEMAND**
Walgreen Co.'s business or liabilities); Fictitious )
Parties G, H and I (i.e. any person or entities )
responsible for the hiring, firing, training or )
supervision of the Defendants' employees); )
Fictitious Parties J, K, and L (i.e. the real, true )
and/or correct name of any owners, operators, )
partners, administrators, executives, officers, )
parent companies, sister companies, affiliated )
companies, or subsidiaries of any defendant )
described herein); Fictitious Parties M, N and O )
(i.e. the real, true and/or correct name(s) of the )
persons or entities who failed to eliminate or )
properly mark the hazardous condition which )
caused the Plaintiff to suffer injury; )
                              )
      DEFENDANTS.          )

---

## COMPLAINT

---

      **COMES NOW**, Plaintiff Edwin Williams who makes claims against Defendant

Walgreen Co. ("Walgreens"), and unknown fictitious parties as follows:

### BRIEF DESCRIPTION OF THE FACTS

1. This civil action arises from injuries sustained by Plaintiff Edwin Williams, an elderly

   customer of the Walgreens store located in Gardendale, Alabama.

2. The Defendants negligently or wantonly failed to maintain the parking area and sidewalk around the Gardendale store, although the parking lot and sidewalk are where business invitees and the public must walk to go into the store.

3. The Defendant also negligently or wantonly failed to warn business invitees and the public of the unforeseeable or unknown danger (the "hazard") described below.

## JURISDICTIONAL ALLEGATIONS, PARTIES AND VENUE

4. This case involves a claim that exceeds the jurisdictional minimum for the Circuit Court of Jefferson County, Alabama.

5. Plaintiff Edwin Williams is an individual who resides in Jefferson County, Alabama.

6. Defendant Walgreen Co. is foreign business entity with its principal place of business in Illinois, but doing business in Gardendale, Alabama, which is in Jefferson County, Alabama.

7. Fictitious Parties A, B and C (i.e. the real true and/or correct name of the Defendant described herein as Walgreens) are presently unknown to the Plaintiff at this time, but will be added through an amendment to the Complaint when discovered.

8. Fictitious Parties D, E, and F (i.e. the real true and/or correct name of any purchasers, assignees or successors of the Defendants' business or liabilities) are presently unknown to the Plaintiff at this time, but will be added through an amendment to the Complaint when discovered.

9. Fictitious Parties G, H and I (i.e. any person or entities responsible for the hiring, firing, training or supervision of the Defendants' employees) are presently unknown to the Plaintiff at this time, but will be added through an amendment to the Complaint when discovered.

10. Fictitious Parties J, K and L (i.e. the real, true and/or correct name of any owners, operators, partners, administrators, executives, officers, parent companies, sister companies, subsidiaries, or affiliated companies of any defendant described herein) are presently unknown to the Plaintiff at this time, but will be added through an amendment to the Complaint when discovered.

11. Fictitious Parties M, N and O (i.e. the real, true and/or correct name(s) of the persons or entities who failed to eliminate or properly mark the hazardous condition which caused the Plaintiff to suffer injury) are presently unknown to the Plaintiff at this time, but will be added through an amendment to the Complaint when discovered.

12. The injuries to Plaintiff Edwin Williams occurred in Jefferson County, Alabama.

13. The tortious acts of the Defendants and/or Fictitious Defendants which caused Plaintiff Edwin Williams' injuries occurred in Jefferson County, Alabama.

## DETAILED STATEMENT OF FACTS

14. On or about October 14, 2014, Plaintiff Edwin Williams was walking into the Walgreens in Gardendale, Alabama, to shop.

15. The plaintiff attempted to step onto the sidewalk next to the building, but he unexpectedly tripped and fell due to a hazard adjacent to the sidewalk.

16. The hazard is a circular cover in a square of concrete, but the road tar and other debris obstructs the cover from easy detection by a pedestrian.

17. At the time of the Plaintiffs' injuries, the circular cover and square of concrete had black paint on it, which made the hazard blend in with the surrounding asphalt pavement of the parking lot.

18. The hazard was not properly identified as a hazard for the public.

19. Plaintiff Edwin Williams spent 24 hours in the ICU at Brookwood Hospital as a result of his injuries.

20. The Defendants caused Plaintiff Edwin Williams to suffer a subdural hematoma on the brain among other injuries.

## COUNT ONE – PREMISES LIABILITY

21. Plaintiff incorporates by reference the above paragraphs as though fully stated in this Count.

22. Defendants possessed a duty to maintain the premises in a reasonably safe condition and to warn business invitees of any unforeseeable or unknown danger.

23. Defendants breached the duty owed to its customers and business invitees by failing to provide a safe environment or to adequately warn others of the existence of an unsafe condition.

24. The Defendants either caused the hazard to be constructed during the construction of the building, or the Defendants allowed the hazard to remain after its construction, or both.

25. The Defendants also failed to post a warning sign of the hazard adjacent to the sidewalk, or to properly identify the hazard with crosshatched paint or some other appropriate warning.

26. Furthermore, the hazard is not easily visible to customers walking by. As a customer steps onto the sidewalk, especially an elderly customer like Mr. Williams, he cannot easily see the hazard.

27. The Defendants should properly identify the hazard.

28. As a direct and proximate result of the Defendants' negligence, Plaintiff incurred severe trauma injuries to his brain, to his face, and to his head.

29. Plaintiff Edwin Williams also suffered pain and suffering, mental anguish and emotional distress related to this incident, to his physical injuries, and to the subdural hematoma on his brain.

30. Plaintiff Edwin Williams also incurred expenses for his medical treatment.

31. But for the Defendant's negligence, Plaintiff would not have suffered the injuries described above.

32. Defendants knew or should have known of the location and/or condition of the hazard which posed a danger to others.

**WHEREAS, PREMISES CONSIDERED,** the Plaintiff demands judgment against the Defendants in such an amount of compensatory damages as a Jury deems reasonable and may award, plus costs for the Defendants' negligence.

## COUNT TWO – NEGLIGENCE

33. Plaintiff incorporates by reference the above paragraphs as though fully stated in this Count.

34. Defendants possessed a duty to maintain its premises in a reasonably safe condition and to warn business invitees of any unforeseeable or unknown danger.

35. Defendants breached the duty owed to its customers and business invitees by failing to provide a safe environment or adequately warn others of the existence of an unsafe condition.

36. As a direct and proximate result of the Defendants' negligence, Plaintiff incurred severe trauma injuries to his brain, to his face, and to his head.

37. Plaintiff Edwin Williams also suffered pain and suffering, mental anguish and emotional distress related to this incident, to his physical injuries, and to the subdural hematoma on his brain.

38. Plaintiff Edwin Williams also incurred expenses for his medical treatment.

39. But for the Defendant's negligence, Plaintiff would not have suffered the injuries described above.

40. Defendants knew or should have known of the location and/or condition and the existence of the hazard, which posed a danger to others.

**WHEREAS, PREMISES CONSIDERED,** the Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as a Jury deems reasonable and may award, plus costs for the Defendants' negligence.

## COUNT THREE – NEGLIGENT FAILURE TO REPAIR PREMISES

41. Plaintiff incorporates by reference the above paragraphs as though fully stated in this Count.

42. Defendants possessed a duty to maintain its premises in a reasonably safe condition and to warn customers of any unforeseeable or unknown danger.

43. Defendants breached the duty owed to its customers and business invitees by failing to provide a safe environment or adequately warning them about the existence of the hazard.

44. The Defendants, and their employees and other agents, failed to inspect the condition of the sidewalk before allowing customers access to the hazardous area.

45. Alternatively, the Defendants, and their employees and other agents, knowingly allowed customers to have access to the hazardous area despite the dangers posed by the hazard.

46. To the extent the Defendants did inspect their premises, the Defendants left this hazardous defect in the construction of the premises, and they still allow it to remain, without removing it or marking it with a safety warning.

47. As a direct and proximate result of the Defendants' wantonness, Plaintiff incurred severe pain and suffering to his face and head and medical expenses.

48. But for the Defendants' negligence, Plaintiff Edwin Williams would not have suffered the injuries described above.

**WHEREAS, PREMISES CONSIDERED,** the Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as a Jury deems reasonable and may award, plus costs for the Defendants' negligence.

## COUNT FOUR - WANTONESS

49. Plaintiff incorporates by reference the above paragraphs as though fully stated in this Count.

50. Defendants possessed a duty to maintain its premises in a reasonably safe condition and to warn customers of any unforeseeable or unknown danger.

51. Defendants breached the duty owed to its customers and business invitees by failing to provide a safe environment or adequately warning them about the existence of the hazard.

52. The Defendants, or their employees and other agents, have known about the existence of the hazard for a long time.

53. The Defendants, and their employees and other agents, failed to inspect the condition of the sidewalk before allowing customers access to the hazardous area.

54. Alternatively, the Defendants, and their employees and other agents, knowingly allowed customers to have access to the hazardous area despite the dangers posed by the hazard.

55. To the extent the Defendants did inspect their premises, the Defendants left this hazardous defect in the construction of the premises for many years, and they still allow it to remain, without removing it or marking it with a safety warning.

56. As a direct and proximate result of the Defendants' wantonness, Plaintiff incurred severe injuries to his brain, face and head, with related medical expenses, pain and suffering, and mental anguish.

57. But for the Defendants' wantonness, Plaintiff Edwin Williams would not have suffered the injuries described above.

**WHEREAS, PREMISES CONSIDERED,** the Plaintiff demands judgment against the Defendant in such an amount of compensatory and punitive damages as a Jury deems reasonable and may award, plus costs for the Defendants' wantonness.

## <u>PLAINTIFF DEMANDS A TRIAL BY A STRUCK JURY</u>

<u>s/ James S. Roberts, Jr.</u>
James S. Roberts, Jr. (ROB 063)
Attorney for the Plaintiff

<u>OF COUNSEL:</u>
JIM ROBERTS LAW FIRM, LLC
Post Office Box 639
Gardendale, AL 35071

**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESS:**

**WALGREEN CO.**
**c/o PRENTICE HALL CORPORATION SYSTEM INC., Registered Agent**
**57 ADAMS AVE**
**MONTGOMERY, AL 36104-4001**

**PLEASE SERVE THE DEFENDANTS WITH THE DISCOVERY ATTACHED TO THE COMPLAINT**

DOCUMENT 2

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| EDWIN WILLIAMS, an individual, ) | |
| ) | |
|     PLAINTIFF, ) | |
| ) | CV_____ |
| v. ) | |
| ) | |
| WALGREEN CO., a business entity doing ) | |
| business in Jefferson County, Alabama; ) | |
| Fictitious Parties A, B and C (i.e. the real true ) | |
| and/or correct name of the Defendant described ) | |
| herein as Walgreen Co.); Fictitious Parties D, E, ) | |
| and F (i.e. the real true and/or correct name of ) | JURY DEMAND |
| any purchasers, assignees or successors of ) | |
| Walgreen Co.'s business or liabilities); Fictitious ) | |
| Parties G, H and I (i.e. any person or entities ) | |
| responsible for the hiring, firing, training or ) | |
| supervision of the Defendants' employees); ) | |
| Fictitious Parties J, K, and L (i.e. the real, true ) | |
| and/or correct name of any owners, operators, ) | |
| partners, administrators, executives, officers, ) | |
| parent companies, sister companies, affiliated ) | |
| companies, or subsidiaries of any defendant ) | |
| described herein); Fictitious Parties M, N and O ) | |
| (i.e. the real, true and/or correct name(s) of the ) | |
| persons or entities who failed to eliminate or ) | |
| properly mark the hazardous condition which ) | |
| caused the Plaintiff to suffer injury; ) | |
| ) | |
|     DEFENDANTS. ) | |

## FIRST CONSOLIDATED DISCOVERY TO DEFENDANT WALGREEN CO.

    COMES NOW the Plaintiff, pursuant to the Alabama Rules of Civil Procedure, who requests that the Defendant respond to the following Interrogatories and Requests for Production:

## DEFINITIONS

1. The term "document", whether singular or plural, means any written, printed, typed, recorded, or other graphic material of any kind or character in the possession, custody or

control of the defendant including without limitation, correspondence (signed or unsigned), reports, handwritings, printed materials, notes, memoranda (internal and external), interoffice and interdepartmental communications, invoices, receipts, contracts, agreements, telegrams, cancelled checks, advertisements, minutes, transcripts, books, pamphlets, periodicals, articles, press clippings, resolutions, opinions, reports, studies, analyses, evaluations, records, drawings, graphs, charts, and photographs (whether prints, negatives or slides); as well as any electronic, mechanical, or electric records of any kind, including but not limited to computer software, computer programs, sound recordings (including taped conversations), or transcripts thereof, videotapes, data processing materials, computer tapes, computer runs or printouts and any codes necessary, and any codes necessary to comprehend such runs or printouts, cassettes, disks, magnetic tapes, hard drives, microfiche, microfilm and punch cards. The term "document" includes any draft or a document, whether by reason of additional handwritten inscription or otherwise. The term "document" includes copies where the original is unavailable.

2. The term "document" is employed in its most comprehensive sense. The word "or" shall be construed either conjunctively or disjunctively, or both conjunctively and disjunctively, so as to make the greatest number of documents responsive to any request.

3. The term "identify" when used with respect to records or documents, shall mean to describe with specificity the name, date, author, addressee, copies and present (or if not presently known, the last known) whereabouts of each such record or document.

4. The word "identify" when used with respect to a person, means to provide information sufficient to notice the deposition of such person and to serve such person with process, requiring attendance at a place of examination, and shall include, without limitation, such

person's full name, present or last known business and residence address, last date when each such address was known or believed to be corrected, and such person's present or last known business affiliation, title or occupation and telephone numbers.

5. Where, in the answers of defendant(s), facts set forth in the answers or portions thereof are supplied upon in formation and belief, rather that upon the knowledge of the defendant(s), the defendant(s) should so state and describe the source(s) of such information and belief. Should defendant(s) be unable to answer any interrogatory or any portion thereof by either actual knowledge or by information and belief, defendant(s) should so state in detail the additional efforts to obtain such knowledge so that said defendant could answer said interrogatories or portions thereof.

6. The word "defendant" or "defendants" shall include any and all defendants, jointly and severally, and the words "you" and "your(s)" shall mean the defendant and its attorneys, and any other person(s) acting or purporting to act on behalf of said named defendant with respect to any matter related to the present lawsuit, unless otherwise indicated.

7. If you object to furnishing documents or information on the basis of attorney-client privilege or any other basis, please specify as follows:  a) for documents, please identify the document by the date it bears, or if none, the date it was written, by the name and address of each person who wrote it or participated in the writing of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter or memorandum;  by its present location or custodian; or if unknown, it last known location or custodian;  and by the present location and custodian of each copy, or, if unknown, its

last known location or custodian of each copy;  b) for information, please identify the person the information came from, specify as much as possible without waiving any privilege if it exists, and specify the basis of your objection against providing such information.

8.  If any document requested was in defendant's possession and control, but is no longer in defendant's possession or subject to defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

9.  In producing documents and things pursuant to this request, furnish all documents or things known available to you, regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives, or investigators, or by your attorneys, their agents, employees, representatives or investigators.

10. The phrase "the hazard" is deemed to mean the circular ring in the parking lot at the edge of the sidewalk near the handicapped ramp, which is close to the entrance of the store.  A copy of a photograph of the hazard is attached hereto as Exhibit "A".

11. These requests area deemed continuing.  Plaintiff requests that Defendant supplement all responses as relevant information is made available or is discovered.

## INTERROGATORIES

1.  Please state the name of the person responding to these interrogatories. Please include your office location, office title or description, and home address.

2.  As the Defendant been properly served?  If not, what do you contend the Plaintiff must do to perfect service?

3.  How long has the hazard been present in the Defendant's parking lot?

4. How long has the Defendant, or its employees, agents or other representatives, known about the hazard?

5. When was the hazard first reported to the Defendant, or its employees, agents, or other representatives?

6. Do any written reports about the hazard exist? If so, who has custody and control of them?

7. Did or does the hazard have any purpose or use? If so, what is or was the purpose or use of the hazard?

8. How did the Defendant first become aware of the hazard?

9. How many times has any person or entity reported the hazard to the Defendant?

10. For each of the reporting occasions described in your responses to Interrogatories 8 and 9, what is the Defendant's understanding of how any information about the hazard was transferred from the person or entity which originally reported it up through any chain-of-command to the Defendant?

11. Please state the names, addresses, job titles and employers of each person or entity whom the Defendant believes has knowledge about the hazard.

    a. Please describe in detail what the Defendant believes or understands such knowledge about the hazard consists of.

12. Please state the names, addresses, job titles and employers of each person or entity whom the Defendant believes has knowledge about the facts of this case.

    a. Please describe in detail what the Defendant believes or understands such knowledge consists of.

DOCUMENT 2

13. Please provide the information required by Rule 26 of the Rules of Civil Procedure about any expert witness you intend to call as a witness in this case.

14. Please state the names and contact information of any and all employees of Defendant's Gardendale, Alabama location of Walgreens that were employed on the date of October 14, 2014. Please include individuals whether present and working on October 14, 2014, or not.

15. Please state whether Defendants possess liability insurance which is providing coverage for the claims asserted in this matter. If so, please state the name of each carrier, the limits of liability, and the coverage period for each policy.

16. Please state whether Defendants have received a reservation of rights letter for any insurance policies mentioned in Interrogatory 15.

17. Please list the names and contact information for any of Defendants' employees who witnessed Mr. Williams' fall on your premises on October 14, 2014.

18. Does the Defendant possess any video tapes which show how Plaintiff Edwin Williams fell at the Walgreens in Gardendale, AL?

19. Please list the names and contact information for any of Defendants' employees who held or overheard any conversation with Mr. Williams regarding his fall on October 14, 2014.

20. Did anyone, including any of Defendant's employees or other persons, make a written report about the events which occurred when Mr. Williams fell?

21. Please list the names and contact information for any of Defendants' employees who participated in or provided information for any incident or accident reports related to this case.

22. Please describe in detail your understanding of the events leading up to, causing and following Mr. Williams' fall on the Defendant's premises. Please identify any individuals or resources you consulted to make these findings.

23. Other than information and records provided to you by Mr. Williams and his representatives, do you have any information related to Mr. Williams' injury, rehabilitation, medical treatment, pain and suffering, or his recovery? If yes, please identify the individual or source of such information, the date such information was obtained by you, and the specific facts alleged by this individual or source.

24. Have you obtained the services of a private investigator or other individual or entity to conduct investigative surveillance on Mr. Williams? If yes, please state the name of such individual or entity, and the date they were retained.

25. Please set forth every fact which you contend relieves Defendants of any liability in this matter.

26. Please state whether Defendants' facility had any "Caution" signs in place or in plain sight at the location and time of Mr. Williams' fall. Please identify the time and location that these signs were displayed.

27. Please describe in detail any steps taken to warn customers of the hazard.

28. Please state whether Defendants' store has any "Caution" signs available to use in warning of hazardous conditions.

29. Please state whether any of the Defendants' employees were aware or knowledgeable of the condition of the hazard on Defendants' sidewalk before Mr. William's fall on October 14, 2014.

30. Does the Defendant, its employees, agents or other representative conduct premises inspection of the parking lot and sidewalks around the Walgreens in Gardendale, AL?  If so, are inspection reports created by employees, agents, or other representatives?

31. Please state whether anyone (whether one of the Defendants' employees or someone else) was directed to repair or remove the hazard after Mr. Williams' fall. Please identify the name of such individuals and the method they used to repair or remove the hazard.

32. Please state whether you contend that Mr. Williams committed any contributory negligence or assumed any risk of injury. If so, please describe any and all facts that support these contentions.

33. Please state whether you are aware of the duty to supplement these responses as any information becomes available.

## REQUESTS FOR PRODUCTION

1. Please produce legible and accurate copies of any policies of insurance and declarations pages that could provide coverage for claims in the lawsuit.

2. Please produce a copy of any existing chart, diagram, or other document depicting the organization, ownership, supervision and management of Defendants and the Gardendale, Alabama location of Walgreens.

3. Please produce a copy of any floor plan, blueprint or other documents describing the physical building otherwise known as the Gardendale, Alabama location of Walgreens.

4. Please produce a copy of any policies and protocols for identifying, preventing, removing, or repairing hazards.

5. Please produce a copy of any employee training manual, handbook, maintenance, and janitorial documents or other training materials, which would have been provided to Defendants' employees working during October of 2014, related to any requirement to observe, detect, report, remove, or repair dangerous conditions from the parking lot and sidewalk areas of the Walgreens in Gardendale, AL.

6. Please produce a copy of any employee training manual, handbook, maintenance, and janitorial documents or other training materials, which would have been provided to Defendants' employees working during October of 2014, related to any requirement to warn the public about dangerous conditions in the parking lot and sidewalk areas of the Walgreens in Gardendale, AL.

7. Please produce a copy of any and all corporate policies and procedures in effect in October of 2014, related to any requirement to observe, detect, report, remove, or repair dangerous conditions from the parking lot and sidewalk areas of the Walgreens in Gardendale, AL.

8. Please produce a copy of any and all corporate policies and procedures in effect during October of 2014, related to any requirement to to warn the public about dangerous conditions in the parking lot and sidewalk areas of the Walgreens in Gardendale, AL.

9. Please produce a copy of any pictures in Defendants' possession of the hazard, the sidewalk, or the parking lot at the Gardendale, Alabama location of Walgreens.

10. Please produce a copy of any time sheets, staff sheets, or employment records documenting which of Defendants' employees were working on the afternoon of October 14, 2014 at the Gardendale, Alabama, Walgreens store.

DOCUMENT 2

11. Please produce a copy of any incident reports, accident reports, insurance reports, or other records produced relating to Mr. Williams' incident or injuries.

12. Please produce a copy of any reservation of rights letters from the insurance carriers mentioned in the response to Request for Production No. 1.

13. Please produce a copy of any written or recorded statements or conversations in Defendants' possession relating to Mr. Williams' incident of October 14, 2014, his injuries or resulting damages.

14. Please produce a copy of any documents, records, reports, or other materials which will be referred to or relied upon by an expert witness you intend to offer at the trial of this matter.

15. Please produce a copy of any curriculum vitae of any expert witness you intend to offer at the trial of this matter.

16. Please produce a copy of any transcript, written or recorded statement you have of Plaintiff or any of his representatives regarding the incident of October 14, 2014.

17. Please produce a copy of any written statements, notes or memos of any witnesses to Mr. Williams' injuries, pain and suffering, medical treatment, rehabilitation and recovery.

18. Please produce a copy of any pictures or video taken of Mr. Williams or the scene of Mr. Williams' fall on October 14, 2014.

19. Please produce a copy of any investigative surveillance reports obtained regarding Mr. Williams. Please include any photographs, videotapes, audio recordings, or written records created in relation to any surveillance.

20. Please produce any reports or records received, maintained or created by Defendants regarding any complaints, injuries, or other comments by other persons about the hazard,

whether such complaints, injuries, or other comments were made in relation to this lawsuit or otherwise.

21. Please produce any building maintenance records for the Gardendale location of Walgreens from the date the store opened to the present.

22. Please produce any documents whatsoever that deal with, mention, or reference any way the hazard.

23. Please provide legible and accurate copies of all premises inspection reports for the parking lot and sidewalks around the Walgreens in Gardendale, AL, from the first day that the store opened for business to the present.

24. Please produce any documents that describe the purpose or use of the hazard.

s/ James S. Roberts, Jr.
James S. Roberts, Jr. (ROB 063)
Attorney for the Plaintiff

OF COUNSEL:
JIM ROBERTS LAW FIRM, LLC
Post Office Box 639
Gardendale, AL 35071

PLEASE SERVE THIS DICOVERY WITH THE COMPLAINT

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

EDWIN WILLIAMS, an individual,                    )
                                                  )
    PLAINTIFF,                 )
                                                  )    CV_____
v.                                                )
                                                  )
WALGREEN CO., a business entity doing             )
business in Jefferson County, Alabama;            )
Fictitious Parties A, B and C (i.e. the real true )
and/or correct name of the Defendant described    )
herein as Walgreen Co.); Fictitious Parties D, E, )
and F (i.e. the real true and/or correct name of  )    JURY DEMAND
any purchasers, assignees or successors of        )
Walgreen Co.'s business or liabilities); Fictitious )
Parties G, H and I (i.e. any person or entities   )
responsible for the hiring, firing, training or   )
supervision of the Defendants' employees);        )
Fictitious Parties J, K, and L (i.e. the real, true )
and/or correct name of any owners, operators,     )
partners, administrators, executives, officers,   )
parent companies, sister companies, affiliated    )
companies, or subsidiaries of any defendant       )
described herein); Fictitious Parties M, N and O  )
(i.e. the real, true and/or correct name(s) of the )
persons or entities who failed to eliminate or    )
properly mark the hazardous condition which       )
caused the Plaintiff to suffer injury;            )
                                                  )
    DEFENDANTS.                )

---

## FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WALGREEN CO.

---

    COMES NOW the Plaintiff, pursuant to the Alabama Rules of Civil Procedure, who requests that the Defendant respond to the following Requests for Admissions.  Defendant is reminded of its duty to fully explain any denials of the Requests for Admissions:

1. The Defendant does not know of any witnesses who saw Plaintiff Edwin Williams trip and fall outside the Defendant's store in Gardendale, Alabama.

DOCUMENT 2

2. The Defendant does not possess any video or store surveillance recordings that show how Plaintiff Edwin Williams tripped and fell outside of the Defendant's store in Gardendale, Alabama.

3. At the time of the incident described in the Complaint, the circular ring depicted in the photograph attached as Exhibit "A", and the concrete around the circular ring, was located on the Defendant's premises at the Walgreens store in Gardendale, Alabama.

4. At the time of the incident described in the Complaint, the Defendants had not marked or otherwise designated the circular ring depicted in the photograph attached as Exhibit "A", with any hazardous warning markings.

5. At the time of the incident described in the Complaint, the Defendants had not marked or otherwise designated the concrete around the circular ring depicted in the photograph attached as Exhibit "A", with any hazardous warning markings.

6. The circular ring depicted in Exhibit "A" is raised higher than the concrete around it.

7. The Defendants do not know of any facts which support a contention that Edwin Williams was contributorily negligent in the instant case.

8. The Defendants do not know of any facts which support a contention that Edwin Williams assumed any risks in the instant case.

9. Other than what Plaintiff Edwin Williams told the Defendant's employees, the Defendants do not know of any facts related to how Edwin Williams tripped and fell at the Walgreens store in Gardendale, Alabama.

s/ James S. Roberts, Jr.
James S. Roberts, Jr. (ROB 063)
Attorney for the Plaintiff

OF COUNSEL:
JIM ROBERTS LAW FIRM, LLC

Post Office Box 639
Gardendale, AL 35071

**PLEASE SERVE THIS DICOVERY WITH THE COMPLAINT**



**AlaFile E-Notice**

01-CV-2016-903650.00

To:  JAMES S ROBERTS JR.
     jimroberts@northjeffersonlawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

EDWIN WILLIAMS V. WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM
01-CV-2016-903650.00

The following complaint was FILED on 10/3/2016 11:54:20 AM

Notice Date:     10/3/2016 11:54:20 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2016-903650.00

To: WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM
57 ADAMS AVENUE
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

EDWIN WILLIAMS V. WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM
01-CV-2016-903650.00

The following complaint was FILED on 10/3/2016 11:54:20 AM

Notice Date:     10/3/2016 11:54:20 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2016-903650.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## EDWIN WILLIAMS V. WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM

NOTICE TO   WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM, 57 ADAMS AVENUE, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JAMES S ROBERTS JR.

WHOSE ADDRESS IS PO Box 639, GARDENDALE, AL 35071

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   EDWIN WILLIAMS

pursuant to the Alabama Rules of the Civil Procedure

Date   10/3/2016 11:54:20 AM      /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested      /s/ JAMES S ROBERTS JR.

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

Date _____

Server's Signature _____

Address of Server _____

Type of Server _____

Server's Printed Name _____

Phone Number of Server _____



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
EDWIN WILLIAMS V. WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM

01-CV-2016-903650.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $7.78

Parties to be served by Certified Mail - Return Receipt Requested

WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM          Postage: $7.78

57 ADAMS AVENUE
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service**™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$   CV2016  903650  SC

Total Postage and Fees
$

Sent To   WalGreen Co.

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM
57 ADAMS AVENUE
MONTGOMERY, AL 36104

CV2016  903650  SC

9590 9402 1754 6074 2950 37

2. Article Number (Transfer from service label)
   7016 1970 0000 8955 6884

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                  ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☐ Certified Mail®                  ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☐ Return Receipt for Merchandise
☐ Collect on Delivery              ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Deliver

1. Article Addressed to:

WALGREEN CO. C/O PRENTICE HALL CORPORATION SYSTEM

57 ADAMS AVENUE

MONTGOMERY, AL 36104

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No



CV2016 903650 SLC

9590 9402 1754 6074 2950 37

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   (o)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restric Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7016 1970 0000 8955 6884

PS Form **3811**, July 2015 PSN 7530-02-000-9053

Domestic Return Receip