## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWIN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:16-cv-01704-SGC |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER[1]

The court has before it the October 16, 2017 motion for partial summary judgment filed by Plaintiff Edwin Williams.  (Doc. 17).  Pursuant to the court's initial order, the motion is fully briefed and under submission as of November 13, 2017.  (Doc. 9).  The motion is due to be denied for the following reasons.

Plaintiff filed the instant complaint in the Circuit Court of Jefferson County, Alabama, alleging violations of Alabama law based on an injury he sustained in the parking lot of Defendant.  Defendant removed the case to federal court under 28 U.S.C. § 1441(a) on the grounds the court has diversity jurisdiction under 28 U.S.C. § 1332.  (*See* Doc. 1).  In its removal, Defendant contends the parties are completely diverse and the amount in controversy exceeds $75,000.  (*Id*. at 2-3; Doc. 1-2).  In support of its contention regarding the amount in controversy,

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 7).

Defendant notes Plaintiff claims an unspecified amount of compensatory and punitive damages and attaches Plaintiff's settlement demand in the amount of $200,000. (*Id.*). Plaintiff did not move to remand the case to state court.

Plaintiff's motion for partial summary judgment argues Defendant should be required to stipulate Plaintiff should receive at least $75,000.01, if Plaintiff proves his case at trial. (Doc.17; Doc. 23 at 5). If Defendant will not so stipulate, Plaintiff asks the court to remand the case because the minimum jurisdictional amount would not be met. (Doc. 23 at 5). Defendant opposes Plaintiff's motion and contends Plaintiff's arguments are not supported by law. (Doc. 22). The court agrees with Defendant.

First, there is no proposition in the law holding when a complaint is removed to federal court based on diversity jurisdiction and the amount in controversy is met for removal purposes, a successful plaintiff is entitled to damages in an amount over $75,000. A defendant may remove a case and contend the amount in controversy exceeds $75,000, while maintaining partial or whole defenses to a plaintiff's claim. Removal of a case to federal court does not serve as an admission regarding damages. Additionally, federal jurisdiction is not destroyed if, after the final disposition in the case, the actual amount in controversy is something less than $75,000.

Moreover, if the court construes Plaintiff's submission as a motion to remand, it is due to be denied. A civil action brought in state court may be removed to federal court if it could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Typically, removal is premised either on federal question jurisdiction or diversity of citizenship jurisdiction. Federal question jurisdiction exists when the civil action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity of citizenship jurisdiction exists when the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a).

The party seeking removal has the burden of establishing jurisdiction. 28 U.S.C. § 1446; *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). After removal, a party can move to remand to state court on the basis of any defect in the removal, including lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A motion based on a removal defect must be made within thirty days after the filing of the notice of removal. *Id*. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*. As such, there is no time limitation on a motion to remand for lack of subject matter jurisdiction. *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1214 n.64 (11th Cir. 2007). Finally, "[b]ecause removal jurisdiction raises

significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

Where the plaintiff does not specifically allege an amount in controversy or the total amount in damages in the complaint, the removing defendant must prove the amount in controversy by a preponderance of the evidence. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Removal is proper if it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties "relevant to the amount in controversy at the time the case was removed." *Id.* However, a mere "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319–20.

Plaintiff did not specify in his complaint an amount in controversy or how much he was seeking in damages. In support of its contention the amount in controversy exceeds $75,000, Defendant points to Plaintiff's allegations of wanton misconduct, as well as Plaintiff's demand for punitive damages. (*See* Doc. 1 at 2).

4

Such allegations are not sufficient for the court to determine by a preponderance of the evidence the value of Plaintiff's claims, were he to prevail. Therefore, the amount in controversy is not facially apparent from the complaint.

However, Defendant attached Plaintiff's settlement demand in the amount of $200,000, when it removed the case. (*Id.*; Doc. 2-1 at 2). The settlement demand is admissible evidence of the amount in controversy at the time of removal. "[N]umerous types of documents have been held to qualify" as "other paper," under 28 U.S.C. § 1446(b) and can serve as a basis for removal. *Lowery*, 483 F.3d at 1212 n.62. "They include . . . settlement offers." *Id.* On the basis of Plaintiff's settlement letter seeking $200,000, Defendant established by a preponderance of the evidence the amount in controversy requirement under 28 U.S.C. § 1332 was met and that removal was proper under 28 U.S.C. § 1441. Accordingly, even if the court construed the motion as a motion to remand, it is due to be denied.

For these reasons, Plaintiff's motion for partial summary judgment is **DENIED**. (Doc. 17).

**DONE** and **ORDERED** this 6th day of April, 2018.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE