# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWIN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:16-cv-01704-SGC |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

The court has before it the September 29, 2017 motion for summary judgment filed by Defendant Walgreen Co. (Doc. 16). Pursuant to the court's initial order, the motion is fully briefed and under submission as of November 3, 2017. (Doc. 9; *see* Docs. 19-21). The motion is due to be granted in part and denied in part for the following reasons.

## I. STATEMENT OF MATERIAL FACTS

On October 14, 2017, at about 4:15 or 4:30 in the afternoon, Plaintiff and his wife, both age 76, walked towards the Walgreens store located in Gardendale, Alabama, through the parking lot outside the store. (Doc. 16-1 at 4, 7; Doc. 20-4 at 2). The couple approached the wheelchair ramp leading from the parking lot to the sidewalk around the drug store. (Doc. 20-4 at 2). As they walked toward the

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 7).

ramp, Plaintiff tripped and fell. (Doc. 16-1 at 8). At the time, he did not know what caused him to fall. (*Id*.). Plaintiff fell onto his face and hit the left side of his head. (*Id*. at 11). Although Plaintiff fell next to a support beam pillar, he denies he struck the pillar when he fell.[2] (*Id*. at 9). Plaintiff contends he was unconscious for a moment. (*Id*. at 12). He sustained bruises and scratches to his body, as well as a deep gash over his left eye. (*Id*. at 11, 17). The medical records show Plaintiff suffered a traumatic small subarachnoid hemorrhage and a subdermal hematoma. (Doc. 20-8 at 2).

The next day, after Plaintiff was discharged from the hospital, he and his wife returned to the parking lot to determine what caused Plaintiff to fall. (Doc. 16-1 at 10). In the area where Plaintiff fell, Plaintiff saw a small concrete pad, lighter in color than the asphalt surrounding it. (Doc 20-1 at 2-4). On top of that concrete pad, there is a small change in elevation where a circular device is located. (*Id*.). The purpose of the device is unknown. (Doc. 16 at 5). Plaintiff concluded one of his feet must have gotten caught on the "little lip" of the circular device, causing him to fall. (Doc. 16-1 at 8, 10, 15-16).

Plaintiff testified there was nothing to block his view of the circular device, "[o]ther than the fact that it was all covered with a lot of black paint or grease or something." (*Id*. at 9). He further stated, "[i]t wasn't clear to where it would be

---

[2] The store manager, Mary Hyke, testified she saw blood on the pillar/support beam shortly after Plaintiff's fall. (Doc. 16-4 at 7).

easily seen" and, although the circular device was not level with the pavement, it "appeared to be even or level with the surface of the asphalt parking lot when [he] looked at it due to the black paint or grease [or] other substance on it."[3] (*Id*.; Doc. 20-4 at 4).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

---

[3] Contrary to Defendant's argument, Plaintiff's affidavit stating the black paint or grease made the circular device look level with the pavement does not directly contradict his deposition testimony. (Doc. 21 at 7-8). When asked if anything obstructed his view of the device in his deposition, Plaintiff referenced the black paint or grease surrounding the device and stated it was not easily seen. (Doc. 16-1 at 9). Plaintiff's affidavit does not contradict this testimony. Plaintiff was not asked in his deposition about the height of the circular device or whether the black paint or grease disguised the height of the device.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

## III. DISCUSSION

Plaintiff's complaint alleges two claims against Walgreens under Alabama law: negligence and wantonness. (Doc. 1-1 at 6-10). Defendant contends summary judgment is proper as to both claims. The court agrees with Defendant as to the wantonness claim but disagrees as to the negligence claim for the following reasons.

### A. Plaintiff's Negligence Claim

To prevail on a claim for negligence under Alabama law, "a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff." *Kmart Corp. v. Bassett*, 769 So. 2d 282, 284 (Ala. 2000) (quoting *Lowe's Home Centers, Inc. v. Laxson*, 655 So. 2d 943, 945-46 (Ala. 1994)). The liability of a premises

4

owner turns on the classification given to the injured party. *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997). Because Plaintiff was a business invitee, Walgreens owed him a duty to "exercise reasonable care in maintaining [its] premises in a reasonably safe condition." *Bishop v. South*, 642 So. 2d 442, 445 (Ala. 1994).

The duty of a premises owner to an invitee "is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Harvell v. Johnson*, 598 So. 2d 881, 883 (Ala. 1992). This duty requires a premises owner to "warn of hidden defects and dangers that are known to it, but that are unknown or hidden to the invitee." *Raspilair v. Bruno's Food Stores, Inc.*, 514 So. 2d 1022, 1024 (Ala. 1987). In other words, the duty is limited to hidden defects; if a dangerous condition is open and obvious so that the invitee should be aware of it through the exercise of reasonable care, then the owner or occupier of the premises has no duty to warn the invitee. *Lilya v. Greater Gulf State Fair, Inc.,* 855 So. 2d 1049, 1054-55 (Ala. 2003). "A condition is 'obvious' if the risk is apparent to, and of the type that would be recognized by, a reasonable person in the position of the invitee." *Douglas v. Devonshire Apartments, LLC*, 833 So. 2d 72, 74-75 (Ala. Civ. App. 2002).

This duty does not, however, convert a premises owner into an insurer of its invitees' safety. *Hose v. Winn–Dixie Montgomery, Inc.*, 658 So .2d 403, 404 (Ala.

1995). The mere fact an invitee is injured does not create a presumption of negligence on the part of the premises owner. *Id.* Rather, a premises owner is liable in negligence only if it "fail[s] to use reasonable care in maintaining its premises in a reasonably safe manner." *Id.*

At the summary judgment stage, a plaintiff must present substantial evidence his injury was the result of a defect or instrumentality on the premises, the defect was the result of the defendant's negligence, and the defendant had or should have had notice of the defect before the time of the accident. *Hale v. Sequoyah Caverns & Campgrounds, Inc.,* 612 So. 2d 1162, 1164 (Ala. 1992). Where the defect is a part of the premises, as opposed to a slick spot on a floor, whether the defendant had actual or constructive notice of the defect will go to the jury regardless of whether the plaintiff makes a prima facie showing the defendant had or should have had notice of the defect at the time of the accident. *Mims v. Jack's Rest.,* 565 So. 2d 609, 610–11 (Ala .1990).

As a threshold matter, a plaintiff must present substantial evidence the cause of his injury was the defect. Proof no one else has been injured by the alleged defect is evidence that the condition is not a defect. *Miller ex rel. Miller v. Liberty Park Joint Venture, LLC*, 84 So. 3d 88, 92-94 (Ala. Civ. App. 2011) (gap between fence frame and surface of tennis court was not a defect because tennis court had been in continuous use for over thirteen years and no one else had been injured like

6

plaintiff); *Butler v. AAA Warehousing & Moving Co.*, 686 So. 2d 291, 293-94 (Ala. Civ. App. 1996) (stand for watching parade with five-inch vertical gaps was not defective where no other parade patron had been injured by it in twenty-five years); *see also Iguess v. Hyundai Motor Mfg., Ala. LLC*, 2014 WL 1584480, at *3 (M.D. Ala. 2014). Once the premises owner presents evidence a condition is not defective or unreasonably dangerous, the burden shifts to the plaintiff to present substantial evidence the condition was unreasonably dangerous. *Miller*, 84 So.3d at 94.

Here, Walgreens presented evidence the circular device is not unreasonably dangerous. Mary Hyke, the store manager since the store opened in 2001, testified no one has ever made a complaint to Walgreens regarding the circular device before Plaintiff's fall. (Doc. 16-5 at 2). Hyke further testified no one has ever tripped on the circular device during the fourteen years between the store's opening and Plaintiff's fall. (*Id*.). Additionally, the owner of the premises, a representative from Walgreens corporate headquarters, and the local fire department regularly inspect the store and parking lot. (*Id*.). No one inspecting the premises has ever informed Hyke the circular device is a tripping hazard. (*Id*.). The burden, therefore, shifts to Plaintiff to demonstrate the circular device is unreasonably dangerous.

Plaintiff presented a genuine issue of material fact as to whether the circular device was unreasonably dangerous. "In Alabama, . . . whether an elevation irregularity in a sidewalk, curb, or threshold constitutes an unreasonably dangerous condition or defect has, so far as we are able to tell, always been held to be an issue of fact when the plaintiff has presented evidence indicating that the irregularity creates a danger." *Howard v. Andy's Store for Men*, 757 So. 2d 1208, 1211 (Ala. Civ. App. 2000) (citing *Stephens v. City of Montgomery*, 575 So. 2d 1095 (Ala. 1991); *Mann v. Smith*, 561 So. 2d 1112 (Ala. 1990); *Bogue v. R & M Grocery*, 553 So. 2d 545 (Ala. 1989); *Waits v. Crown Dodge Chrysler–Plymouth, Inc.,* 770 So. 2d 618 (Ala. Civ. App. 1999); *Williams v. Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 316 (Ala.Civ.App. 1999); *Woodward v. Health Care Auth. of the City of Huntsville*, 727 So. 2d 814 (Ala. Civ. App. 1998)). The *Howard* court explained:

> In *Stephens*, the [S]upreme [C]ourt reversed a summary judgment for the City in a trip-and-fall case, holding that evidence of an uneven sidewalk, in which "one portion of the sidewalk . . . was approximately one inch higher than another portion" . . . was evidence of a defect in the sidewalk and created "a genuine issue of material fact, suitable for jury determination." In *Mann*, the . . .plaintiff's expert, an engineer, testified that the steps leading into the defendant's business were defective because "[t]he top step was not level with the door jamb, but was slightly below the jamb so that someone entering the store had to step from the top step up to enter the store." The [S]upreme [C]ourt held that the plaintiffs had "established evidence from which a jury could find that a defect existed in the steps."
>
> In *Bogue*, the [S]upreme [C]ourt . . . held that the plaintiff's expert, a civil engineer, had presented sufficient evidence for a jury to determine whether the plaintiff's fall was caused by a defect in the

8

premises. The engineer had testified that the fall was caused by a drop in elevation from the doorway of the store to the parking lot.

In *Waits*, this court held that an architect's testimony-that the raised threshold over which the plaintiff tripped at an automobile dealer's service department was unsafe and dangerous for customers-presented "a genuine issue of material fact ... as to whether a defect existed." Similarly, in *Williams*, this court held that an architect's testimony that the sidewalk, curb, and ramp over which a convenience-store customer tripped was defective, "presented substantial evidence creating a question of fact for the jury: whether the sidewalk, curb, and wheelchair ramp presented a hidden defect that [the customer] could not discover in the exercise of ordinary care." In *Woodward*, a visitor to a hospital emergency room tripped and fell on a curb in the hospital's parking garage. The plaintiff's expert testified that a "level change," combined with the nighttime lighting conditions in the parking garage, "create[d] a hazard for persons traversing on foot from the . . . parking garage to the emergency room." The hospital did not argue that the place where the plaintiff fell was not a dangerous defect; it argued only that the defect was open and obvious. This court assumed the existence of a defect and framed the issue in terms of whether the defect was open and obvious, concluding that the expert's testimony presented a jury question as whether the defect was open and obvious.

*Id*. at 1211-12 (internal citations omitted).

Although Plaintiff has not presented any expert testimony as was the case in many of the cases cited above, Plaintiff's own testimony establishes a question of fact as to whether the circular device was hidden and, therefore, unreasonably dangerous. Specifically, Plaintiff testified the circular device "was all covered with a lot of black paint or grease or something." (Doc. 16-1 at 9). He further stated, "[i]t wasn't clear to where it would be easily seen" and, although the circular device was not level with the pavement, it "appeared to be even or level

with the surface of the asphalt parking lot when [he] looked at it due to the black paint or grease [or] other substance on it." (*Id.*; Doc. 20-4 at 4). This testimony, along with the pictures submitted by both parties, creates a genuine issue of material fact as to whether the circular device was unreasonably dangerous. As such, Defendant's motion for summary judgment on Plaintiff's negligence claim is due to be denied.

### B. Plaintiff's Wantonness Claim

The Alabama Code defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20(b)(3) (1975). In other words, wantonness is "'the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.'" *Ex parte Capstone Bldg. Corp.*, 96 So. 3d 77, 84 (Ala. 2012) (quoting *Bozeman v. Central Bank of the South*, 646 So. 2d 601, 603 (Ala. 1994)). Wanton conduct, unlike negligence, requires proof the defendant knew of the possible dangers associated with an act and that injury would likely result from that act. *Tolbert v. Tolbert*, 903 So. 2d 103, 114-15 (Ala. 2004). "Wantonness is not merely a higher degree of culpability than negligence." *Id.* at 114. There is no evidence Defendant possessed the requisite level of consciousness to establish

wantonness as a matter of Alabama law.  As such, Defendant is entitled to summary judgment on Plaintiff's wantonness claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant Walgreens Company is entitled to judgment as a matter of law on Plaintiff's claim for wantonness.  Questions of material fact remain regarding Plaintiff's negligence claim.  As such, Defendant's motion for summary judgment (Doc. 16) is **GRANTED** with regard to Plaintiff's wantonness claim and **DENIED** with regard to his negligence claim.

**DONE** and **ORDERED** this 26th day of April, 2018.

_____
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE